## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

|  |  |
|---|---|
| **MARK PASEK**, an individual, **MEREDITH CARR**, an individual, **PATRICIA MORGAN**, an individual, **STEVEN MORGAN**, an individual, and **JAMES MOLENAAR**, an individual, | **CIVIL ACTION** |
| Plaintiffs, | **Case No.  2:21-cv-020** |
| | **Judge:** |
| v. | **Mag. Judge:** |
| **CRYSTAL K. KINZEL,** in her official and individual capacities, | |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COME** the Plaintiffs, **MARK PASEK** ("PASEK"), **MEREDITH CARR** ("CARR"), **PATRICIA MORGAN** ("P. MORGAN"), **STEVEN MORGAN** ("S. MORGAN"), and **JAMES MOLENAAR** ("MOLENAAR")(collectively "**PLAINTIFFS**"), by and through undersigned counsel, and state the following for their Complaint:

## CAUSES OF ACTION

1.      This is an action brought under 42 U.S.C. §1983 (§1983) for violation of their First Amendment right to engage or not engage in political activity without coercion or deprivation of employment (*Elrod/Branti* claim).

## PARTIES

2.      Plaintiff **PASEK** is an individual and a resident of Florida who currently resides, and at all material times resided, in Lee County, Florida. He was employed by the Defendant from July 5, 2017 to September 1, 2020 and was employed as a Auditor.

3.      Plaintiff **CARR** is an individual and a resident of Florida who currently resides, and at all material times resided, in Collier County, Florida. She was employed by the Defendant from 2006-2008 and 2015 to September 1, 2020 and was employed as a Recording Clerk I at the time of her termination.

4.      Plaintiff **P. MORGAN** is an individual and a resident of Florida who currently resides, and at all material times resided, in Collier County, Florida. She was employed by the Defendant from October 2002 to September 1, 2020 and was employed as a Director of Board Minutes & Records.

5.      Plaintiff **S. MORGAN** is an individual and a resident of Florida who currently resides, and at all material times resided, in Collier County, Florida. He was employed by the Defendant from June 2002 to September 1, 2020 and was employed as an Asst. Director of Information Technology.

6.      Plaintiff **MOLENAAR** is an individual and a resident of Florida who currently resides, and at all material times resided, in Collier County, Florida. He was employed by the Defendant from 2014 to May 12, 2020 and was employed as the Manager of Internal Audit and subsequently promoted to Sr. Legal Counsel.

7.     Defendant, **CRYSTAL K. KINZEL** is the current Collier County Clerk of the Circuit Court and Comptroller, an elected position she has held since 2018 when she was appointed to the position following the death of then-Clerk, Dwight Brock. Prior thereto, **KINZEL** joined the Office of the Collier County Clerk of Courts, serving as the Director of Finance until 2016 when Clerk Dwight Brock named her his Chief Deputy. **KINZEL**'s primary roles are to serve as the accountant and guardian of county taxpayer money, which was forecast to be $1.4 billion as of 2020, serve as clerk to the board of commissioners and maintain court and official county records. Her salary in 2020 is $147,293.

8.     At all times relevant to the instant action, the Defendant was Plaintiffs' employer within the meaning of 42 U.S.C. §1983 and each Plaintiff is a "person" within the meaning of §1983.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction of this matter under 28 U.S.C. §1331.

10.    Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiffs reside in either Lee or Collier County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiffs' claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

11.     In 2020, **KINZEL** faced an election for her position.

12.     **KINZEL**'s challenger was **MOLENAAR**, a longtime public servant, who began working for the clerk's office in 2014 as manager of internal audits.

13.     **MOLENAAR** was fired as senior legal counsel in May 2020 by **KINZEL**, days after he filed to run for her position.

14.     During **MOLENAAR**'s termination, **KINZEL** communicated that she was terminating **MOLENAAR** as a direct result of him having exercised his First Amendment rights by filing paperwork to run against her in the upcoming election.

15.     However, **MOLENAAR** was not employed by **KINZEL** as an "officer" as that term is defined by F.S. §99.012(1) and he was simply a regular employee.

16.     After being fired and during his candidacy, **MOLENAAR** was critical of the clerk's handling of the coronavirus pandemic and highlighted a phishing scam that cost the office $184,000 as one of the reasons to improve audit and internal control protocols.

17.     Each of the Plaintiffs always performed their assigned duties in a professional manner and were very well qualified for their respective positions.

18.     Each of the Plaintiffs met all necessary performance standards and quantitative performance requirements during their employment.

4

19.     None of the Plaintiffs' positions required political affiliation, nor is party affiliation an appropriate requirement for the effective performance of their respective job duties. Moreover, none of the Plaintiffs were policy-makers or alter-egos of **KINZEL**.

20.     None of the Plaintiffs had the same duties and powers as **KINZEL** under state or local law. Indeed, none of the Plaintiffs possessed any signing authority in **KINZEL**'s absence, nor did **KINZEL** ever grant them the same.

21.     After **MOLENAAR** filed his pre-qualifying paperwork with the Supervisor of Elections, each of the Plaintiffs supported his campaign, and did so in various ways, from volunteering with **MOLENAAR**'s campaign to soliciting donations on his behalf. However, they never engaged in public support for **MOLENAAR** in the workplace, nor did they engage in any conduct that could be perceived to be disruptive to the normal operation of the workplace.

22.     Nevertheless, **KINZEL** discovered the Plaintiffs' support for **MOLENAAR** and was irate.

23.     After **MOLENAAR** lost to **KINZEL** in the primary election on August 18, 2020, **KINZEL** turned her attention to those that had supported her opponent, terminating each of the other Plaintiffs in successive meetings on September 1, 2020.

24.     During the termination meetings, **KINZEL** read a prepared, typed statement to each Plaintiff stating that she (**KINZEL**) "no longer had trust and

confidence in your abilities necessary to carry out the duties and functions" of the Plaintiffs' respective positions. **KINZEL** provided no other reason and no specifics, except for responding to **PASEK**'s question as to why he was being fired that "if you think long and hard about it, you'll know exactly why."

25.    However, **KINZEL** authorized a spokesman to provide a public comment to the news media that stated the Plaintiffs were terminated because their positions were eliminated.

26.    However, the only positions that were being "eliminated" were those held by the Plaintiffs who were known to **KINZEL** to support her political rival and never were the Plaintiffs informed their positions were supposedly being eliminated at the time they were terminated.

27.    At no time were the Plaintiffs ever even informed their position could be subject to elimination, nor was there a realistic possibility of the same given that their positions had all been fully budgeted and the Clerk's Office was operating at a surplus.

28.    As a direct and proximate result of supporting **MOLENAAR**'s campaign and the Plaintiffs' support therefore, **KINZEL** terminated the Plaintiffs.

29.    As such, the **PLAINTIFFS** were wrongfully terminated in violation of the First Amendment.

## COUNT I – VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION VIA 42 U.S.C. §1983

30.    Plaintiff incorporates by reference Paragraphs 1-29 of this Complaint as though fully set forth below.

31.    This is a claim for violation of Plaintiffs' First and Fourteenth Amendment rights to freedom of speech and association consisting of a prohibited termination from employment based on political patronage, as defined by the Supreme Court in *Elrod v. Burns* and *Branti v. Finkel*, brought pursuant to 42 USC §1983.

32.    At all material times, the Plaintiffs were employees and **KINZEL** was their public employer.

33.    None of the Plaintiffs' positions were positions for which political affiliation or political loyalty is an appropriate requirement for the effective performance of the public office or the execution of the duties of the positions and no overriding governmental interest exists in conditioning Plaintiffs' occupancy of their respective positions upon political loyalty or affiliation.

34.    The Plaintiffs were terminated because of their perceived political loyalties.

35.    **KINZEL**'s acts as alleged herein were in knowing and willful disregard of the Plaintiffs' First Amendment rights.

36.     The conduct complained of was taken under color of the laws of the State of Florida.

37.     The conduct taken was an expression of **KINZEL**'s custom, policy or usage. The person who engaged in the conduct complained of – **KINZEL** as Clerk of Court – may fairly be said to constitute the official expression of **KINZEL**'s custom, policy or usage within the Clerk of Courts.

38.     As the direct result of **KINZEL**'s conduct, the Plaintiffs have been subjected to deprivation of their rights as secured and protected to them by the First and Fourteenth Amendments to the Constitution of the United States, and have been thereby damaged.

39.     As a direct and proximate result of the violations referenced and cited herein, the Plaintiffs have lost all of the benefits and privileges of their employment and have been substantially and significantly injured in their career path.

40.     As a direct and proximate result of the violations referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against them, the Plaintiffs are entitled to all relief necessary to make them whole as provided for under 42 U.S.C. §1983.

41.     As a direct and proximate result of **KINZEL**'s actions, the Plaintiffs have suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits,

humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiffs request trial by jury of all issues so triable as of right, and:

i.  Injunctive relief directing this Defendant to cease and desist from all retaliation against employees who engage in speech or conduct protected by the First Amendment of the United States Constitution;

ii.  Back pay and all other benefits, perquisites and other compensation for employment which Plaintiffs would have received had they maintained their positions with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.  Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits, or reinstatement;

iv.  Reimbursement of all expenses and financial losses Plaintiffs have incurred as a result of the Defendant's actions;

v.  Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statutes cited above;

vi.  Reasonable attorney's fees plus costs;

vii.  Compensatory damages, and;

viii.  Such other relief as this Court shall deem appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

**NOW COMES** the Plaintiffs, by and through their undersigned attorneys, and demand a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,


Dated: January  7, 2021             **/s/ Benjamin H. Yormak**
                                    Benjamin H. Yormak
                                    Florida Bar Number 71272
                                    Trial Counsel for Plaintiffs
                                    YORMAK EMPLOYMENT & DISABILITY LAW
                                    9990 Coconut Road
                                    Bonita Springs, Florida 34135
                                    Telephone: (239) 985-9691
                                    Fax: (239) 288-2534
                                    Email: byormak@yormaklaw.com